UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NATESHA GAINER, an individual,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF KENT, a Washington State municipal corporation; "DOE(S) 1-100", employees of CITY OF KENT; and "CORPORATION(S) XYZ 1-100,"<br><br>Defendants. | Case No.<br><br>**COMPLAINT FOR DAMAGES**<br><br>[JURY DEMAND] |

COMES NOW Plaintiff Natesha Gainer, by and through her attorney of record, Ada K. Wong of AKW Law, P.C., in the above-entitled matter and alleges as follows:

### I.  PARTIES

1. Plaintiff Natesha Gainer is an adult citizen of the United States.

2. Defendant City of Kent is, and was at all times material hereto, a Washington state municipal corporation doing business in King County, Washington, located at 220 Fourth Ave. S., Kent, Washington 98032. Defendant City of Kent has employed 15 or more employees at all relevant times herein; it is an employer as defined in the Washington Law Against Discrimination ("WLAD"), an employer as defined in Title VII of the Civil Rights Act of 1964 ("Title VII"), and a covered entity

COMPLAINT FOR DAMAGES - 1
GAINER V. CITY OF KENT, ET AL.

AKW LAW, P.C.
12055 15th Ave NE, Suite 200
Seattle, WA 98125
Tel. (206) 259-1259 / Fax (855) 925-9529

as defined in the Americans with Disabilities Act of 1990 ("ADA").

3. Defendants "Doe(s) 1-100," in doing the things complained of herein, were acting within the course and scope of their employment by City of Kent.

4. Defendants "Corporation(s) XYZ 1-100" are corporations whose identities are unknown to Plaintiff at this time but in doing the things complained of herein, were acting within the course and scope of their relationship with Defendants and/or were entities involved in causing harm to Plaintiff as alleged herein.

5. Each Defendant is, and at all times herein mentioned was, an agent of the other and acting within the course and scope of Defendant City of Kent in causing the harm as alleged herein.

## II. JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because it is a civil action arising under the Constitution, laws, or treaties of the United States, namely the ADA and Title VII. This Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367.

7. Venue is proper under 28 U.S.C. § 1391 because Defendant City of Kent resides in King County, Washington, and a substantial part of the events or omissions giving rise to the claim occurred in King County, which is within the district of the Western District of Washington at Seattle.

8. On or about April 22, 2022, Plaintiff Natesha Gainer filed a Tort "Claim Form" with Defendant City of Kent, City Clerk's Office, 220 Fourth Avenue South, Kent, WA 98032. More than 60 days have elapsed since filing of the Tort "Claim Form," to which Defendant City of Kent has not provided a substantive response. Therefore, Plaintiff has met the statutory requirement to proceed with the filing of this lawsuit.

9. On or about May 9, 2022, Plaintiff filed Charge No. 551-2022-04936 with the United

COMPLAINT FOR DAMAGES - 2
GAINER V. CITY OF KENT, ET AL.

AKW LAW, P.C.
12055 15th Ave NE, Suite 200
Seattle, WA 98125
Tel. (206) 259-1259 / Fax (855) 925-9529

States Equal Employment Opportunity Commission ("EEOC") alleging discrimination on the basis of race, disability, and retaliation, against Defendant City of Kent. At Plaintiff's request, on March 1, 2023, EEOC issued Plaintiff a Notice of Right to Sue, authorizing Plaintiff to file a lawsuit against the respondents on this charge under federal law in federal or state court within 90 days.

### III.  FACTS

10. Plaintiff hereby incorporates by reference all allegations contained in paragraphs 1 through 9, above.

11. Plaintiff Natesha Gainer began her full-time employment at City of Kent on May 14, 2015, in the position of Payroll Business Analyst.

12. At the time Plaintiff was terminated on or about June 6, 2022, Plaintiff's wage was $87,120, plus benefits.

13. On Plaintiff's very first day in the office, she met with only the hiring manager, Lavina Brennecke, while all of her other coworkers refused to attend her introduction meeting.

14. On or about May 11, 2017, Manager Brennecke met with a coworker of Plaintiff, Cindy Pittman, to ask Ms. Pittman to stop monitoring the leave of other employees.

15. Ms. Pittman had looked up "approved leave requests to see if different staff had taken the right amount of leave, in her opinion."

16. Manager Brennecke was obligated to instruct Ms. Pittman to stop because previously, on or about May 8 or 9, 2017, Ms. Pittman reported that Plaintiff's leave request was "wrong."

17. Ms. Pittman became angry during the meeting and stated "she wouldn't have to monitor if the managers would do their jobs," and concluded that "she wasn't going to follow the rules any more [sic] and that she was going to behave poorly."

18. On or about January 5, 2018, Ms. Pittman made a false accusation against Plaintiff

COMPLAINT FOR DAMAGES - 3
GAINER V. CITY OF KENT, ET AL.

AKW LAW, P.C.
12055 15th Ave NE, Suite 200
Seattle, WA 98125
Tel. (206) 259-1259 / Fax (855) 925-9529

because she "had a guilty look."

19. Plaintiff is a black woman. She was one of only two black employees in her office at City of Kent.

20. On the evening of January 5, 2018, Ms. Pittman returned to the office to retrieve her cellphone.

21. Ms. Pittman was told by other unnamed coworkers that Plaintiff and another coworker, Suzanne Shaw, were in Ms. Pittman's cubicle and "looked guilty."

22. Ms. Pittman thereafter reported Plaintiff for allegedly being in her cubicle and looking guilty.

23. Following Ms. Pittman's report, only Plaintiff was subject to an investigation.

24. Ms. Shaw, Plaintiff's white coworker, underwent no investigation even though the allegations concerned both employees for the same conduct.

25. During a fact-finding interview with Plaintiff, interviewers from Human Resources took the following notes from Plaintiff, "there's an us vs [sic] them hostility going on in that office, that needs to be looked at. Hostile."

26. No disciplinary action was taken against Plaintiff because the truth was that she was retrieving relevant and necessary work files from Ms. Pittman's cubicle because Ms. Pittman had not completed her assigned work.

27. No remedial action was taken by City of Kent based on Plaintiff's report of a hostile workplace. Because City of Kent refused to take any corrective action, the hostility has never been remedied.

28. In or around June 2018, Plaintiff arrived at work at Kent City Hall and was confronted with extremely insulting displays on the walls.

COMPLAINT FOR DAMAGES - 4
GAINER V. CITY OF KENT, ET AL.

AKW LAW, P.C.
12055 15th Ave NE, Suite 200
Seattle, WA 98125
Tel. (206) 259-1259 / Fax (855) 925-9529

29. On one wall, there were three paintings of black activists portrayed in the style of a mugshot.

30. On another wall was a diorama of a slave ship, complete with an illustration of enslaved people stacked alongside one another.

31. Plaintiff found both of these paintings highly offensive because it suggested that people of color should either be enslaved or in jail.

32. In or around 2018, Plaintiff was assigned to be primarily responsible to manage payroll for the City of Kent Police Department.

33. While assigned this task, a City of Kent police officer approached Plaintiff's cubicle in an intimidating manner, accusing the Finance Department of incorrectly running payroll.

34. The police officer, who is white, brought his police dog all the way to directly outside Plaintiff's cubicle while he asked her about his paycheck.

35. Plaintiff perceived this as an attempt to intimidate her because the false accusations of mishandling payroll bore absolutely no need for a police canine to be present in the office, let alone so close to her.

36. The police canine was not removed from outside Plaintiff's cubicle until Manager Brennecke intervened.

37. On or about August 14, 2020, Plaintiff took medical leave for a severe illness.

38. The severity of her condition required Plaintiff to enter onto Family and Medical Leave Act ("FMLA") leave, Washington Paid Family and Medical Leave ("PFML") and long-term leave.

39. On or about February 16, 2021, City of Kent provided Plaintiff a Health Status Questionnaire requesting information for her medical provider to complete.

40. On or about February 19, 2021, Plaintiff's medical provider completed City of Kent's

COMPLAINT FOR DAMAGES - 5
GAINER V. CITY OF KENT, ET AL.

AKW LAW, P.C.
12055 15th Ave NE, Suite 200
Seattle, WA 98125
Tel. (206) 259-1259 / Fax (855) 925-9529

1  Health Status Questionnaire, disclosing a medical condition and its impact on Plaintiff.

2  41.    On or about March 31, 2021, Plaintiff took additional leave as an accommodation under
3  the Americans with Disabilities Act until approximately May 2021.

4  42.    Plaintiff returned to work on or about May 3, 2021.

5  43.    In or around September 2021, Plaintiff was again experiencing medical issues.

6  44.    In or around early September 2021, Plaintiff submitted a request for FMLA leave,
7  which City of Kent denied on or about September 7, 2021.

8  45.    Plaintiff was forced to use accumulated sick and vacation time for any medical related
9  absences.

10 46.    On or about September 27, 2021, Plaintiff was tardy for work.

11 47.    Plaintiff had no prior discipline whatsoever for tardiness or attendance.

12 48.    Accounting & Reporting Manager Lisa Thornton did not attempt to call Plaintiff's
13 phone.

14 49.    Instead, Manager Thornton called Plaintiff's husband's private phone number.

15 50.    The same day, City of Kent police were dispatched to Plaintiff's private residence to
16 perform a "welfare check" upon the request of Human Resources.

17 51.    On or about September 28, 2021, Plaintiff began to experience a recurrence of
18 symptoms related to a medical condition at work and thereafter issues and requested to be allowed to
19 work from home, a practice which City of Kent commonly permitted.

20 52.    Manager Thornton denied Plaintiff's request even though she worked remotely twice
21 per week without incident since approximately July 6, 2021.

22 53.    Plaintiff was forced to use sick and vacation time for the remainder of the workday.

23 54.    After a scheduled remote workday on or about September 29, 2021, Plaintiff returned

COMPLAINT FOR DAMAGES - 6
GAINER V. CITY OF KENT, ET AL.

AKW LAW, P.C.
12055 15th Ave NE, Suite 200
Seattle, WA 98125
Tel. (206) 259-1259 / Fax (855) 925-9529

to the office on or about September 30, 2021.

55. On or about September 30, 2021, Manager Thornton approached Plaintiff to show her an old picture of Manager Thornton and Plaintiff's husband standing together.

56. Manager Thornton explained that she knew Plaintiff's husband through a past job and said the three of them are "friends."

57. Plaintiff respectfully told Manager Thornton that she wished to maintain a solely professional relationship.

58. On or about October 25, 2021, Plaintiff explained to her supervisors that she was experiencing issues with her health.

59. On October 25, 2021, Plaintiff sent an e-mail to Manager Thornton and Finance Director Paula Painter in which she again stated she was experiencing health issues, writing, "I was working through some very personal issues at home and with my health," which were "very unique and challenging events in my life."

60. That same day, in response to Plaintiff's e-mail, Director Painter acknowledged that Plaintiff was "having concerns with [her] health."

61. On or about the next day, October 26, 2021, Manager Thornton, on behalf of Director Painter, issued Plaintiff a Notice of Placement on Paid Administrative Leave, pending the outcome of an investigation of which she was the subject regarding alleged "attendance and work performance" issues.

62. The Notice of Placement on Paid Administrative Leave banned Plaintiff from City of Kent property and prohibited her from working or contacting City of Kent employees, pending an investigation into.  Accounting & Reporting Manager Thornton also commanded, "you may not act in your official capacity as an employee during this administrative leave," and explicitly directed, "you

COMPLAINT FOR DAMAGES - 7
GAINER V. CITY OF KENT, ET AL.

AKW LAW, P.C.
12055 15th Ave NE, Suite 200
Seattle, WA 98125
Tel. (206) 259-1259 / Fax (855) 925-9529

are not allowed on City property nor allowed contact City employees while they are on duty."

63. Plaintiff has never before been accused of attendance or performance issues and had no disciplinary action taken against her.

64. Plaintiff's two most recent performance evaluations reflect satisfactory performance and, in 2019, Manager Brennecke commented that "Natesha has been very conscientious about deadlines and follow-through. I have appreciated her willingness to stay as necessary to get problems solved. I have appreciated that Natesha has taken additional time this year during the payroll processing to make sure that reviews are done prior to issuing payroll."

65. Labor Relations Manager Brent Ashbaugh conducted the investigation into City of Kent's allegations against Plaintiff.

66. On or about October 7, 2021 and November 3, 2021, Manager Ashbaugh conducted investigatory interviews of Plaintiff. Manager Ashbaugh did not disclose that he was investigating accusations of violations of criminal statutes or explain Ms. Gainer's *Garrity* rights.

67. More than six months went by from the time Plaintiff was placed on Administrative Leave with no substantive updates about the investigation.

68. On or about April 26, 2022, Plaintiff's legal counsel contacted City of Kent, explaining there was no legitimate excuse for the City's protracted six-month investigation.

69. On or about May 5, 2022, Manager Ashbaugh completed an Investigative Report, in which he disclosed for the first time the specific city policies, agreements, expectations, and criminal statutes of which it accused Plaintiff of violating, including accusations of violations of criminal statutes RCW 9A.56.040 and RCW 9A.76.175, related to allegations of "stealing time."

70. Manager Ashbaugh's report concluded, "Ms. Gainer violated city policies and the terms of her telecommute agreement and department performance expectations, and may have

COMPLAINT FOR DAMAGES - 8
*GAINER V. CITY OF KENT, ET AL.*

AKW LAW, P.C.
12055 15th Ave NE, Suite 200
Seattle, WA 98125
Tel. (206) 259-1259 / Fax (855) 925-9529

additionally committed the crimes of Theft and Making a False or Misleading Statement to a Public Officer."

71. Manager Ashbaugh is not an attorney and has no qualifications to advise on alleged violations of criminal law.

72. On information and belief, Manager Ashbaugh is a white male, and has never investigated a white City of Kent employee for criminal theft under RCW 9A.56.040 and RCW 9A.56.050.

73. On or about May 9, 2022, Plaintiff filed a charge of discrimination with the EEOC, alleging discrimination on the basis of race, disability, and retaliation, against Defendant City of Kent.

74. On or about May 18, 2022, Director Painter issued Plaintiff a letter titled Notice of Pre-Disciplinary/*Loudermill* Hearing.

75. Director Painter's Notice of Pre-Disciplinary/*Loudermill* Hearing states "I am considering imposing discipline up to and including termination," and, among other allegations, Director Painter alleges that Plaintiff committed "Theft in the Second Degree or Theft in the Third Degree under RCW 9A.56.040 and RCW 9A.56.050" and "Making a False or Misleading Statement to a Public Officer under RCW 9A.76.175".

76. On or about May 26, 2022, Plaintiff, through her attorney, responded in writing to Defendant City of Kent's Notice of *Loudermill* Hearing, outlining the deficiencies in Manager Ashbaugh's flawed findings against her.

77. On or about May 31, 2022, Defendant City of Kent produced new documents which were not disclosed in advance of Plaintiff's *Loudermill* Hearing.

78. The new documents include an April 19, 2022 e-mail to Manager Ashbaugh with the subject line "Workday Enter Time & Certify Effort language", with attachments, which contain

COMPLAINT FOR DAMAGES - 9
*GAINER V. CITY OF KENT, ET AL.*

AKW LAW, P.C.
12055 15th Ave NE, Suite 200
Seattle, WA 98125
Tel. (206) 259-1259 / Fax (855) 925-9529

exculpatory evidence that City of Kent withheld before Ms. Gainer's *Loudermill* Hearing.

79. City of Kent unilaterally set a one-day deadline to provide a response to these newly disclosed documents even though City of Kent took more than six months for its investigation. Only upon request did City of Kent agree to allow two additional days for Plaintiff to respond. Plaintiff had no opportunity to address these exculpatory documents prior to or on the *Loudermill* Hearing date.

80. On or about June 3, 2021, Plaintiff, through her attorney, responded to the late-disclosed documents, explaining that these documents were exculpatory.

81. On or about June 3, 2021, shortly after Plaintiff responded to the late-disclosed documents, Director Painter issued Plaintiff's letter of termination, citing reasons unsupported by the evidence provided by City of Kent and Plaintiff at Plaintiff's *Loudermill* Hearing.

82. The timing of City of Kent issuing Plaintiff's termination letter indicates that City of Kent did not actually consider Plaintiff's response to the exculpatory late-disclosed documents.

## IV. FIRST CAUSE OF ACTION

### (AMERICANS WITH DISABILITIES ACT – DISABILITY DISCRIMINATION)

83. Plaintiff hereby incorporates by reference all allegations contained in paragraphs 1 through 82, above.

84. Plaintiff is a qualified individual with a disability that limited her major life activities.

85. Defendant City of Kent treated Plaintiff differently in terms and conditions of her employment on the basis of the presence of a disability, her record of disability, and/or because it regarded Plaintiff as disabled, in violation of the Americans with Disabilities Act of 1990, as amended, and Americans with Disabilities Amendments Act of 2008, 29 U.S.C. § 12101 *et seq*. (collectively "ADA").

COMPLAINT FOR DAMAGES - 10
*GAINER V. CITY OF KENT, ET AL.*

AKW LAW, P.C.
12055 15th Ave NE, Suite 200
Seattle, WA 98125
Tel. (206) 259-1259 / Fax (855) 925-9529

86. As a direct and proximate cause of Defendants' deliberate actions, including termination of Plaintiff, Plaintiff incurred non-economic and economic damages, including but not limited to lost wages, future wage loss, other benefits, loss of earning capacity, mental distress, physical damages, emotional distress and pain and suffering in an amount to be proven at trial.

87. The conduct of Defendants, and each of them, was done in reckless and conscious disregard of Plaintiff's statutory rights and in conscious disregard of the pain and suffering it was bound to inflict upon Plaintiff for which an award of punitive damages is mandated against each Defendant.

88. All Defendants are liable for said conduct under both vicarious liability and on agency relationship.

## SECOND CAUSE OF ACTION

## (AMERICANS WITH DISABILITIES ACT – FAILURE TO ACCOMMODATE)

89. Plaintiff hereby incorporates by reference all allegations contained in paragraphs 1 through 88, above.

90. Plaintiff is a qualified individual with a disability that limit major life activities.

91. Plaintiff disclosed her disability to Defendant City of Kent.

92. Defendant City of Kent failed to provide reasonable accommodations Plaintiff's disability and responded to alleged performance issues with an investigation and termination instead of a discussion about any needed accommodations.

93. Defendant City of Kent also failed to engage in an interactive process in exploring possible reasonable accommodations for Plaintiff as required by law.

94. As a direct and proximate cause of Defendants' deliberate actions, Plaintiff incurred non-economic and economic damages, including but not limited to lost wages, future wage loss, other

COMPLAINT FOR DAMAGES - 11
*GAINER V. CITY OF KENT, ET AL.*

AKW LAW, P.C.
12055 15th Ave NE, Suite 200
Seattle, WA 98125
Tel. (206) 259-1259 / Fax (855) 925-9529

benefits, loss of earning capacity, mental distress, physical damages, emotional distress and pain and suffering in an amount to be proven at trial.

95. The conduct of Defendants, and each of them, was done in reckless and conscious disregard of Plaintiff's statutory rights and in conscious disregard of the pain and suffering it was bound to inflict upon Plaintiff for which an award of punitive damages is mandated against each Defendant.

96. All Defendants are liable for said conduct under both vicarious liability and on an agency relationship.

## THIRD CAUSE OF ACTION

## (AMERICANS WITH DISABILITIES ACT – RETALIATION)

97. Plaintiff hereby incorporates by reference all allegations contained in paragraphs 1 through 96, above.

98. Plaintiff reasonably believed Defendant City of Kent discriminated against her because of her disability and opposed such discrimination at Defendant City of Kent.

99. Defendant City of Kent retaliated against Plaintiff because of Plaintiff's protected activities in violation of the ADA.

100. As a direct and proximate cause of Defendants' actions, including termination of Plaintiff, Plaintiff incurred non-economic and economic damages, including but not limited to lost wages, future wage loss, other benefits, loss of earning capacity, mental distress, physical damages, emotional distress, and pain and suffering, in an amount to be proven at trial. Plaintiff is entitled to equitable relief for Defendants' retaliation against him in violation of the ADA, including, but not limited to, reinstatement or hiring, back pay, front pay, injunctive relief, and any other equitable relief as the court deems appropriate.

COMPLAINT FOR DAMAGES - 12
*GAINER V. CITY OF KENT, ET AL.*

AKW LAW, P.C.
12055 15th Ave NE, Suite 200
Seattle, WA 98125
Tel. (206) 259-1259 / Fax (855) 925-9529

101. All Defendants are liable for said conduct under both vicarious liability and on an agency relationship.

## FOURTH CAUSE OF ACTION

## (TITLE VII – DISPARATE TREATMENT)

102. Plaintiff hereby incorporates by reference all allegations contained in paragraphs 1 through 101, above.

103. Defendant City of Kent treated Plaintiff differently in the terms and conditions of her employment on the basis of her race in violation of Title VII.

104. As a direct and proximate cause of Defendants' actions, including termination of Plaintiff, Plaintiff incurred non-economic and economic damages, including but not limited to lost wages, future wage loss, loss of health and other benefits, loss of earning capacity, mental distress, physical damages, emotional distress, and pain and suffering, in an amount to be proven at trial.

105. The conduct of Defendants, and each of them, was done in reckless and conscious disregard of Plaintiff's statutory rights and in conscious disregard of the pain and suffering it was bound to inflict upon Plaintiff for which an award of punitive damages is mandated against each Defendant.

106. All Defendants are liable for said conduct under both vicarious liability and on an agency relationship.

## FIFTH CAUSE OF ACTION

## (TITLE VII – RETALIATION)

107. Plaintiff hereby incorporates by reference all allegations contained in paragraphs 1 through 106, above.

COMPLAINT FOR DAMAGES - 13
*GAINER V. CITY OF KENT, ET AL.*

AKW LAW, P.C.
12055 15th Ave NE, Suite 200
Seattle, WA 98125
Tel. (206) 259-1259 / Fax (855) 925-9529

108.   Plaintiff reasonably believed she was discriminated against on the basis of her race, and opposed such discrimination.

109.   Defendant City of Kent retaliated against Plaintiff because of Plaintiff's protected activities in violation of Title VII.

110.   As a direct and proximate cause of Defendants' actions, including termination of Plaintiff, Plaintiff incurred non-economic and economic damages, including but not limited to lost wages, future wage loss, loss of health and other benefits, loss of earning capacity, mental distress, physical damages, emotional distress, and pain and suffering, in an amount to be proven at trial.

111.   The conduct of Defendants, and each of them, was done in reckless and conscious disregard of Plaintiff's statutory rights and in conscious disregard of the pain and suffering it was bound to inflict upon Plaintiff for which an award of punitive damages is mandated against each Defendant.

112.   All Defendants are liable for said conduct under both vicarious liability and on an agency relationship.

## SIXTH CAUSE OF ACTION

### (42 U.S.C. § 1981 – EMPLOYMENT DISCRIMINATION)

113.   Plaintiff hereby incorporates by reference all allegations contained in paragraphs 1 through 112, above.

114.   Defendant City of Kent discriminated against Plaintiff in her employment because of her race, in violation of 42 U.S.C. § 1981.

115.   As a direct and proximate cause of Defendants' deliberate actions, including termination of Plaintiff, Plaintiff incurred non-economic and economic damages, including but not

COMPLAINT FOR DAMAGES - 14
*GAINER V. CITY OF KENT, ET AL.*

AKW LAW, P.C.
12055 15th Ave NE, Suite 200
Seattle, WA 98125
Tel. (206) 259-1259 / Fax (855) 925-9529

limited to lost wages, future wage loss, other benefits, loss of earning capacity, mental distress, physical damages, emotional distress and pain and suffering in an amount to be proven at trial.

116. The conduct of Defendants, and each of them, was done in reckless and conscious disregard of Plaintiff's statutory rights and in conscious disregard of the pain and suffering it was bound to inflict upon Plaintiff for which an award of punitive damages is mandated against each Defendant.

117. All Defendants are liable for said conduct under both vicarious liability and on agency relationship.

## SEVENTH CAUSE OF ACTION

## (42 U.S.C. § 1981 – RETALIATION)

118. Plaintiff hereby incorporates by reference all allegations contained in paragraphs 1 through 117, above.

119. Plaintiff reasonably believed she was discriminated against on the basis of her race, and she opposed such discrimination.

120. Defendant City of Kent retaliated against Plaintiff because of Plaintiff's protected activities of reporting race discrimination in violation of 42 U.S.C. § 1981.

121. As a direct and proximate cause of Defendants' actions, including termination, Plaintiff incurred non-economic and economic damages, including but not limited to lost wages, future wage loss, loss of health and other benefits, loss of earning capacity, mental distress, physical damages, emotional distress, and pain and suffering, in an amount to be proven at trial.

122. The conduct of Defendants, and each of them, was done in reckless and conscious disregard of Plaintiff's statutory rights and in conscious disregard of the pain and suffering it was

COMPLAINT FOR DAMAGES - 15
*GAINER V. CITY OF KENT, ET AL.*

AKW LAW, P.C.
12055 15th Ave NE, Suite 200
Seattle, WA 98125
Tel. (206) 259-1259 / Fax (855) 925-9529

bound to inflict upon Plaintiff for which an award of punitive damages is mandated against each Defendant.

123. All Defendants are liable for said conduct under both vicarious liability and on an agency relationship.

### EIGHTH CAUSE OF ACTION

### (WLAD – DISABILITY DISCRIMINATION)

124. Plaintiff hereby incorporates by reference all allegations contained in paragraphs 1 through 123, above.

125. Defendant City of Kent treated Plaintiff differently in the terms and conditions of her employment on the basis of the presence of a sensory, mental, or physical disability and/or because of Plaintiff's actual, record of, or perceived disability in violation of the Washington Law Against Discrimination, RCW 49.60, *et seq.* ("WLAD").

126. As a direct and proximate cause of Defendants' actions, including termination of Plaintiff, Plaintiff incurred non-economic and economic damages, including but not limited to lost wages, future wage loss, loss of health and other benefits, loss of earning capacity, mental distress, physical damages, emotional distress, and pain and suffering, in an amount to be proven at trial.

127. All Defendants are liable for said conduct under both vicarious liability and on an agency relationship.

### NINTH CAUSE OF ACTION

### (WLAD – FAILURE TO ACCOMMODATE)

128. Plaintiff hereby incorporates by reference all allegations contained in paragraphs 1 through 127, above.

129. Defendant City of Kent knew about Plaintiff's disabilities and responded to her alleged

COMPLAINT FOR DAMAGES - 16
*GAINER V. CITY OF KENT, ET AL.*

AKW LAW, P.C.
12055 15th Ave NE, Suite 200
Seattle, WA 98125
Tel. (206) 259-1259 / Fax (855) 925-9529

1  performance issues with an investigation and termination instead of a discussion about any needed
2  accommodations.

3      130.    Defendant City of Kent failed to provide reasonable accommodations for Plaintiff as
4  required by law.

5      131.    Defendant City of Kent also failed to engage in an interactive process in exploring
6  possible reasonable accommodations for Plaintiff as required by law.

7      132.    Providing reasonable accommodations to Plaintiff to allow her to remedy any
8  performance deficiencies or otherwise continue to work would not have posed an undue hardship to
9  Defendant City of Kent.

10     133.    As a direct and proximate cause of Defendants' deliberate actions, Plaintiff incurred
11 non-economic and economic damages, including but not limited to lost wages, future wage loss, other
12 benefits, loss of earning capacity, mental distress, physical damages, emotional distress, and pain and
13 suffering, in an amount to be proven at trial.

14     134.    All Defendants are liable for said conduct under both vicarious liability and on an
15 agency relationship.

16 **TENTH CAUSE OF ACTION**
17 **(WLAD – RACE DISCRIMINATION)**

18     135.    Plaintiff hereby incorporates by reference all allegations contained in paragraphs 1
19 through 134, above.

20     136.    Defendant City of Kent treated Plaintiff differently in the terms and conditions of her
21 employment on the basis of her race in violation of the WLAD.

22     137.    As a direct and proximate cause of Defendants' actions, including termination of
23 Plaintiff, Plaintiff incurred non-economic and economic damages, including but not limited to lost

COMPLAINT FOR DAMAGES - 17
*GAINER V. CITY OF KENT, ET AL.*

**AKW LAW**, P.C.
12055 15th Ave NE, Suite 200
Seattle, WA 98125
Tel. (206) 259-1259 / Fax (855) 925-9529

wages, future wage loss, health and other benefits, loss of earning capacity, mental distress, physical damages, emotional distress, and pain and suffering, in an amount to be proven at trial.

138. All Defendants are liable for said conduct under both vicarious liability and on an agency relationship.

## ELEVENTH CAUSE OF ACTION

## (WLAD – RETALIATION)

139. Plaintiff hereby incorporates by reference all allegations contained in paragraphs 1 through 138, above.

140. Defendant City of Kent treated Plaintiff differently and ultimately terminated her in retaliation for her protected activities in violation of the WLAD.

141. As a direct and proximate cause of Defendants' deliberate actions, including termination of Plaintiff, Plaintiff incurred non-economic and economic damages, including but not limited to lost wages, future wage loss, loss of health and other benefits, loss of earning capacity, mental distress, physical damages, emotional distress, and pain and suffering, in an amount to be proven at trial.

142. All Defendants are liable for said conduct under both vicarious liability and on an agency relationship.

## TWELFTH CAUSE OF ACTION

## (NEGLIGENT SUPERVISION AND HIRING AND FAILURE TO TRAIN)

143. Plaintiff hereby incorporates by reference all allegations contained in paragraphs 1 through 142, above.

144. Defendant City of Kent was negligent in training, hiring, managing, and/or supervising their managers, supervisors, employees, and/or agents. Defendant City of Kent was aware or should

COMPLAINT FOR DAMAGES - 18
*GAINER V. CITY OF KENT, ET AL.*

AKW LAW, P.C.
12055 15th Ave NE, Suite 200
Seattle, WA 98125
Tel. (206) 259-1259 / Fax (855) 925-9529

have been aware of the unlawful actions of their managers, supervisors, employees, and/or agents, and the failures to correct the wrongful conduct.

145.   As a direct and proximate cause of Defendant City of Kent's negligent supervision and hiring and failure to train, Plaintiff incurred non-economic and economic damages, including but not limited to lost wages, future wage loss, other benefits, loss of earning capacity, mental distress, physical damages, emotional distress, and pain and suffering, in an amount to be proven at trial.

146.   Defendant City of Kent is liable for all actions of its employees, managers, and supervisors under the Doctrine of *Respondeat Superior*. The conduct of these employees, managers, and agents was implicitly ratified by Defendant City of Kent.

## V.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the Court enter a judgment against Defendants on her behalf for the following:

A.   Special damages in an amount according to proof at trial;

B.   General damages, including but not limited to physical, mental, and emotional injury resulting from the acts complained of herein;

C.   Attorney's fees, prejudgment interest, costs, punitive damages, liquidated damages, and any other appropriate remedy as may be provided by law;

D.   Compensation for any tax penalty associated with recovery; and

E.   For such other and further relief as the court deems just and equitable.

**DATED** May 18, 2023.

**AKW LAW, P.C.**

*/s/ Ada K. Wong*

COMPLAINT FOR DAMAGES - 19
GAINER V. CITY OF KENT, ET AL.

AKW LAW, P.C.
12055 15th Ave NE, Suite 200
Seattle, WA 98125
Tel. (206) 259-1259 / Fax (855) 925-9529

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

Ada K. Wong, WSBA #45936
Attorney for Plaintiff
12055 15th Ave NE, Suite 200
Seattle, WA 98125
Tel.: (206) 259-1259
Fax: (855) 925-9529
E-mail: ada@akw-law.com

**COMPLAINT FOR DAMAGES - 20**
GAINER V. CITY OF KENT, ET AL.

**AKW LAW, P.C.**
12055 15th Ave NE, Suite 200
Seattle, WA 98125
Tel. (206) 259-1259 / Fax (855) 925-9529